# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

July 27, 2010

Edward J. Fernandez, *pro se*
101 Manor Avenue
Harrison, NJ 07029
862-755-4911

    RE:    *Fernandez v. Rose Trucking & White Rose Foods*
               **Civil Action No. 2:09-4915**

Dear Mr. Fernandez:

    You filed this civil rights action on September 23, 2009. You assert employment discrimination based on disability. However, you also allege that the events which gave rise to your case arose on or about September 21, 2008.

    In order to maintain a suit for an unlawful employment practice under TitleVII, a plaintiff is required to file a charge with the Equal Employment Opportunity Commission within one hundred and eighty days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Burgh v. Borough City Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (explaining that this pre-suit requirement is not jurisdictional, but rather functions akin to a statute of limitations). After a plaintiff files a charge with the EEOC , the EEOC then issues a would-be plaintiff a right-to-sue letter.

    You acknowledge that you have no right-to-sue-letter. You also acknowledge that you have not filed a charge with either the EEOC or the N.J. Civil Rights Division. It is now too

late for you to do so. Even if you had filed a charge with the appropriate body during September 2009 (at the time you initially brought this suit), such a filing would not have been timely.

Because defendants' affirmative defense is plain on the face of your proposed amended complaint, this Court dismisses this suit. Where as here, grounds for dismissal appear on the face of a pleading or proposed pleading, a further proposed amendment should be rejected as futile. *Cf. Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002) (Sloviter, J.) (permitting *sua sponte* dismissal where defect is plain on the face of the complaint).

      s/ William J. Martini
      **William J. Martini, U.S.D.J.**